United States District Court
Southern District of Texas
**ENTERED**
April 11, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ADAM PERRY, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:23-CV-00007 |
| § | |
| JEFFERY RICHARDSON, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Adam Perry is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. The undersigned recommends further that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) currently assigned to the Clements Unit in Amarillo, Texas. The facts giving rise to Plaintiff's claims in this civil rights action occurred in connection with Plaintiff's previous assignment to the McConnell Unit in Beeville, Texas.

This Court received Plaintiff's Prisoner Civil Rights Complaint form on January 6, 2023 in which Plaintiff named the following McConnell Unit officials: (1) Jeffery Richardson, Warden; (2) Gene Miller, Assistant Warden; (3) Justina Salinas, Use of Force Clerk; and (4) Stacy Ellerbe, Rotation Regional Sergeant. On February 1, 2023, after Plaintiff corrected certain deficiencies, the undersigned granted Plaintiff's application to proceed *in forma pauperis*. (D.E. 7). A *Spears*[2] hearing was conducted on February 23, 2023. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1):

Plaintiff alleges that on February 11, 2020, two McConnell Unit officers used excessive force against him, resulting in an injury above his eye requiring stitches. (D.E.

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

1, p. 4). However, Plaintiff's excessive force claims are not raised in this action because Plaintiff has previously filed a case in this Court raising those claims. *See Perry v. Hart, et al.*, Case No. 2:21-CV-281 (S.D. Tex. filed Nov. 26, 2021) (Ramos, N., presiding) (*Perry I*). In *Perry I*, two officers used force in taking Plaintiff to the ground after he refused to comply with their directives.[3] Plaintiff was wearing hand restrains at the time and sustained a cut over his eye. On March 20, 2023, United States District Judge Nelva Gonzales Ramos granted the Defendants' motion for summary judgment and entered final judgment. *Perry I*, D.E. 49, D.E. 50.

In the instant case, the entirety of Plaintiff's written factual recitation is as follows:

> On 2-11-20 on McConnell Unit I suffered eye injury due to excessive use of force by 2 officers and on November 26, 2021 is when my civil complaint went on docket. I filed the motion for discovery and found out in June of 2022 that the UOF-11 Report was filed incorrectly by these defendant's. Warden II Jeffery Richardson, Asst. Warden Gene Miller, UOF Clerk II Justina Salinas, and Regional Rotation Sergeant Stacy Ellerbe. Was witnessed by Cassan. Hill, Admin. Asst. IV, Carla M. Willis, and Alicia Nash. UOF Report has markings in pen and pencil from me indicating errors on Report. On Regio. level didn't note injuries or Unit monitor review, didn't refere me to OIG.

In his written pleading copied above, Plaintiff alleges he learned during the discovery process in *Perry I* that the use of force report was filed incorrectly by the defendants in the instant case and contained errors. He alleges the report failed to reference injuries he sustained and his case was not referred to the Office of the Inspector General

---

[3] The use of force incident was captured on TDCJ surveillance cameras, and a video of the incident is attached to the defendants' motion for summary judgment in *Perry I*. Case No. 2:21-CV-281 (D.E. 28, D.E. 48).

(OIG). During the *Spears* hearing in the instant case, Plaintiff further explained he believed the February 11, 2020 use of force incident was not properly investigated or handled. Plaintiff believes TDCJ policy required the matter to be referred to the OIG. Each of the Defendants may have had some role in the review process of the use of force incident, however, Plaintiff has not alleged any of the Defendants' involvement in this case with any clarity. Plaintiff alleges each Defendant deprived him of due process of law and of liberty. (D.E. 1, Page 3). Plaintiff seeks monetary compensation.

During the *Spears* hearing on February 23, 2023, the undersigned admonished Plaintiff that his case was subject to dismissal for failure to state a claim. The undersigned further explained to Plaintiff that a violation of TDCJ policy by state officials does not necessarily raise a claim for which relief can be granted. The undersigned pointed out these deficiencies to Plaintiff and gave Plaintiff 30 days to file an amended complaint. (D.E. 18, Pages 24-25). The undersigned further admonished Plaintiff that the Court would collect the filing fee from his inmate account even if his case was dismissed on screening. However, because the case was in the early stage of the proceedings, the undersigned advised Plaintiff he could voluntarily dismiss his case within 30 days and the undersigned would vacate or cancel the collection of the filing fee from Plaintiff's inmate account. Plaintiff neither filed an amended complaint nor a motion to dismiss within 30 days. On March 24, 2024, by written order, the undersigned extended Plaintiff's deadline to file an amended complaint to April 7, 2023. (D.E. 17). In the April 7, 2023 order, Plaintiff was again cautioned that his complaint was deficient and was subject to being dismissed for

failure to state a claim. (D.E. 17). Plaintiff did not file an amended complaint or any other filing.

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not

dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.     DISCUSSION

### A.     Investigation of the Use of Force Incident

Plaintiff claims Defendants violated his due process rights by failing to properly investigate the February 11, 2020 use of force incident and by failing to follow their own procedures when the matter was not referred to the TDCJ OIG. Plaintiff's allegations fail to state a cognizable constitutional claim because his allegations fail to state a federally protected interest. "[A] prisoner has a liberty interest only in 'freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 484, (1995)).

Plaintiff has no federally protected right to have his grievances investigated. *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances).

Additionally, the law is clear that prison officials' failure to follow prison policies, procedures or regulations does not constitute a violation of due process if constitutional

minima are nevertheless met. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam). *Hill v. Walker*, 718 F. App'x 243, 250 n. 31 (5th Cir. 2018) (Mem.) ("We have also dismissed § 1983 claims for alleged violations of prison policy because a prison official's failure to follow the prison's own ... regulations does not constitute a [constitutional] violation.") (quoting Myers, 97 F.3d at 94); see also *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) ("The claim is that the mere failure of the TDC officials to follow their regulations was a constitutional violation. There is no such controlling constitutional principle."). *See also Allen v. Simon*, No. 4:20CV106-JMV, 2022 WL 374804, at *4 (N.D. Miss. Feb. 7, 2022) ("The plaintiff does not have a federally protected liberty interest in having an inmate assault investigated to his satisfaction.")

This Memorandum and Recommendation does not address Plaintiff's excessive force claim. The Court has determined that Plaintiff stated an excessive force claim in *Perry I*. The adequacy or inadequacy of the investigation of the use of force against Plaintiff may have had some relevance to that case. However, final judgment has been entered in *Perry I* and the circumstances of the investigation do not give rise to a separate cause of action.

Accordingly, Plaintiff's claims that the defendant prison officials did not follow their own policies or procedures in investigating and referring the February 11, 2020 use of force incident should be dismissed for the failure to state a claim.

### B. Claims Not Specifically Addressed in this Memorandum

To ensure justice and access to the courts, courts interpret pleadings of *pro se* litigants liberally. *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996) (citing *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983)). *Pro se* actions will not be dismissed based on technical pleading defects and should be construed to ensure such claims are given fair and meaningful consideration despite the unrepresented litigant's unfamiliarity with the law. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*Pro se* parties are normally accorded more leniency in the construction of their pleadings).

The undersigned has liberally construed Plaintiff's pleadings to give his claims fair and meaningful consideration. The undersigned has attempted to articulate and analyze Plaintiff's claims in an impartial manner consistent with providing appropriate leniency to *pro se* litigants while at the same time requiring compliance with applicable pleading and screening standards. To the extent Plaintiff is attempting to raise a claim not specifically addressed by the undersigned in this Memorandum and Recommendation, Plaintiff has failed to state such claim with sufficient factual detail or clarity to allow the claim to be identified or analyzed by the Court.

As stated previously, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Again, Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Twombly*, 550 U.S. at 556. Further, the

factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555.  Therefore, Plaintiff is advised that any claim not addressed in this Memorandum and Recommendation is not currently before this Court because Plaintiff has failed to allege sufficient facts or state such claims clearly.

During the *Spears* hearing on February 23, 2023, the undersigned admonished Plaintiff that he had failed to state a claim in his current pleading and his case was subject to being dismissed.  The undersigned gave Plaintiff 30 days to file an amended complaint or to dismiss his complaint without prejudice.  The undersigned *sua sponte* extended this deadline to April 7, 2023.  (D.E. 17).  However, Plaintiff has neither filed an amended complaint nor a motion to dismiss nor any other filing.

## V.     CONCLUSION

Because Plaintiff has failed to state a cognizable constitutional claim in this action against any one of the named Defendants, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

ORDERED on April 11, 2023.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).